UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| L.C., a minor, by and through her natural mother and Next Friend, TAWANDA CLARK, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:04CV1738 RWS |
| DEACONESS HEALTH SERVICES CORP. d/b/a DEACONESS HOSPITAL and TENET HEALTHSYSTEM DI, INC. d/b/a FOREST PARK HOSPITAL and f/k/a DEACONESS HOSPITAL, and the UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff L.C. is a minor who alleges that she was injured by Defendants improper provision of medical care prior to and at the time of her birth. L.C.'s mother, Tawanda Clark, brought this suit in state court on her daughter's behalf. Defendant Lori Claypool was acting as a United States Public Health Service Employee at the time of the acts that gave rise to this lawsuit. As a consequence, the United States removed the case to this Court. The United States was substituted for Claypool as a Defendant. The United States now moves to dismiss the claims against it for lack of jurisdiction because an administrative claim on L.C.'s behalf was not filed within the two-year statute of limitations period as required by the Federal Torts Claim Act (FTCA), 28 U.S.C. §2671 et seq. Because Plaintiff failed to comply with the requirements of the FTCA I will grant the United States' motion to dismiss.

*Background*

Plaintiff L.C.'s Complaint alleges that on November 24, 1995, her mother, Tawanda Clark, was admitted as a patient of Defendants for medical care and treatment. Defendants provided Clark with pre-natal care and the next day, on November 25, 1995, L.C. was born. The Complaint alleges that Defendants were negligent in their treatment of L.C. both prior to and during her delivery. Specifically, the Complaint alleges that during L.C.'s delivery Defendants "encountered shoulder dystocia and applied excessive force and/or excessive lateral traction to L.C.'s head" among other allegations of negligent acts during delivery. The Complaint alleges that as a result of Defendants' negligence, L.C. has suffered permanent and progressive injuries to her "head, neck, left shoulder, arm, hand, and fingers...." Those injuries include left brachial plexus palsy, the permanent partial loss of the use, movement, and function of the damaged body parts. The Complaint also alleges that L.C. is permanently scarred, disfigured and handicapped.

This lawsuit was originally filed in the Circuit Court of the City of St. Louis, Missouri on December 18, 2003. It was removed by the United States who was later substituted as a Defendant for Defendant Claypool.

An administrative claim regarding L.C.'s injuries has never been filed on her behalf with the United States Department of Health and Human Services. The United States now moves for a dismissal of the claims against it for lack of subject matter jurisdiction under Fed R. Civ P. 12(b)(1). The United States asserts that as a jurisdictional prerequisite to bringing suit a timely administrative claim had to be filed, which was not done in this case.

*Legal Standard*

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a district court is

free to review matters outside of the complaint such as affidavits and documents. Osborn v. United States, 918 F.2d 724, 729-31 (8th Cir. 1990). Unlike a decision based on a Rule 12(b)(6) motion, a court's review of information outside of a complaint does not convert a Rule 12(b)(1) motion into a Rule 56 motion for summary judgment. Id. A Rule 12(b)(1) motion is distinct in that, unlike a Rule 12(b)(6) motion, when a factual challenge to jurisdiction is made by a movant there is no presumptive truthfulness attached to a plaintiff's allegations in the complaint. Id. at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)).

The United States asserts that subject matter jurisdiction over the claims against it has been divested because the applicable statute of limitations has run on Plaintiff's claims. The expiration of a statute of limitations is not a jurisdictional bar, but instead constitutes a waivable affirmative defense. United States v. Soriano-Hernandez, 310 F.3d 1099, 1103 (8th Cir. 2002). The United States has made a timely assertion of this defense.

*Discussion*

The United States moves for dismissal on the grounds that a claim on L.C.'s behalf was never filed with the appropriate administrative agency, the United States Department of Health and Human Services, before filing this case. In addition, the United States argues that the claims against it should be dismissed with prejudice based on the expiration of the two-year statute of limitations established under the FTCA.

The FTCA creates a limited waiver of sovereign immunity, permitting plaintiffs to bring suit against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a

private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346.

In order to bring suit against the United States, a plaintiff must first present an administrative claim requesting a sum certain in damages to the appropriate federal agency and the claim must be denied. 28 U.S.C. § 2675(a). Any such claim must be presented within two years of the alleged injury. Section 2401(b) provides that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). This statute is a limitation on the government's waiver of sovereign immunity that must be strictly construed. K.E.S. v. United States, 38 F.3d 1027, 1029 (8th Cir.1994).

An administrative claim has never been filed in this matter. Plaintiff's counsel's affidavit states that he did not discover the cause of L.C.'s injury until November 5, 2003 when L.C. was seven years old. This suit was filed on December 18, 2003. Plaintiff's brief in opposition to the motion to dismiss acknowledges that L.C.'s injuries were incurred on the date of her birth. The brief asserts that because L.C. is a minor she does not have the capacity to discover the existence and cause of her injuries. The brief concludes that because of her minority L.C. cannot be "charged with the knowledge necessary to begin the running of the limitations period."

The time at which a claim accrues under the FTCA is a question of federal law. Brazzell v. United States, 788 F.2d 1352, 1355 (8th Cir. 1986). Generally, a claim accrues under the FTCA at the time of the plaintiff's injury. United States v. Kubrick, 444 U.S. 111, 120 (1979). However, "if the plaintiff has been in 'blameless ignorance' of the injury, the cause of action does

not accrue until the plaintiff knows of the fact of injury and its cause." K.E.S., 38 F.3d at 1029. Under the FTCA the cause of action accrues at the time of the injury "even if plaintiff does not know that the injury is legally redressable--if plaintiff fails to act despite knowledge of the harm and its cause, defendant is entitled to the limitations defense." Id.

Infancy does not ordinarily toll the FTCA statute of limitations. Wilson v. Gunn, 403 F.3d 524, 526 (8th Cir. 2005). When a person is a minor, there are others legally responsible for his or her well-being. The minor's parents or guardians would be under a duty to investigate a minor's injury and its cause, and to take legal action within the time prescribed. Id. (citation omitted).

In this case, it is undisputed that an administrative claim was never filed with the appropriate federal agency. Although L.C.'s mother, Tawanda Clark, argues that L.C.'s minority prevents the FTCA's statute of limitations from running, the Eight Circuit Court of Appeals has held otherwise. As L.C's mother, Clark was under a duty to investigate L.C.'s injury and its cause and to take legal action within the FTCA limitations period. See Wilson, 403 F.3d at 526. The Complaint alleges that L.C. sustained her injuries when she was born on November 25, 1995. Although L.C. may not have been able discover the existence and cause of her injuries, her mother had a duty to do so under the FTCA.

As a result I find that the FTCA's two-year statute of limitations expired, at a minimum, by the time this lawsuit was filed when L.C. was eight years old. Based on the circumstances of the case, because L.C.'s injuries were inflicted during her delivery on November 25, 1995, the limitations period expired by late November 1997. The claims against the United States will be dismissed with prejudice for failing to file a timely administrative claim.

Clark argues that, because L.C. is a minor, holding her to the FTCA's limitations period violates her rights to due process and equal protection under the United States Constitution. The due process argument has been expressly rejected by the Eighth Circuit in <u>Wilson</u> because of the duty imposed on a parent or a guardian to protect the rights, under the FTCA, of a minor in their care. 403 F.3d at 527. Clark's equal protection claim is likewise precluded by the same reasoning.

Because this case is based on state law claims and the only basis for federal jurisdiction has been eliminated, I decline to exercise supplemental jurisdiction and will remand this case back to the Circuit Court of the City of St. Louis, Missouri.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant the United States of America's motion to dismiss the claims against it for lack of subject matter jurisdiction [#17] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2005.